**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

SANTASHIA BYSON,

                        Plaintiff,

v.

THOMAS CONCRETE OF SOUTH
CAROLINA INC.,

                        Defendants.

**Civil Action No.:**
    9:25-CV-13793-DCN-MGB

**COMPLAINT**
**(Jury Trial Requested)**

Plaintiff Santashia Byson ("Plaintiff" or "Ms. Byson") complaining of Defendant Thomas Concrete of South Carolina, Inc. ("Defendant") alleges and pleads as follows.

## JURISDICTION AND PARTIES

1.     This suit is brought by Plaintiff against the Defendant and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Title VII of the US Civil Rights Act of 1964, on the basis of gender/sex, 42 U.S.C. §2000e, et seq., the Pregnancy Discrimination Act of 1978, as amended 42 U.S.C. § 2000e(k), the South Carolina Pregnancy Accommodations Act S.C. Code § § 1-13-10, and the Americans with Disabilities Act (ADA) 42 USC § 12111 et seq., the powers, remedies, and procedures as set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2.     This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f).

3.     This Court has supplemental jurisdiction over Plaintiff's related state and local law claims pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial

part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

5.     Venue is proper in the Beaufort Division of the District of South Carolina pursuant to Local Civ. Rule 3.01 (D.S.C.).

6.     All conditions precedent to the jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

      a.     A charge of employment discrimination on basis of gender/sex (female) and pregnancy was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

      b.     Notification of the Right to Sue was received from EEOC on or about September 17, 2025.

      c.     This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

7.     Plaintiff, Santashia Byson, at all relevant times herein, was a citizen and resident of the State of South Carolina and resides in Beaufort County.

8.     All discriminatory employment practices alleged herein were committed within the State of South Carolina.

9.     That, upon information and belief, the Defendant Thomas Concrete of South Carolina, Inc. is a foreign corporation incorporated in Delaware and conducts business and maintains offices and agents in the State of South Carolina.

10.     The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

11.     The Defendant is in an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

12.     According to Defendant's website it has more than 2,000 employees and is an "employer" within the meaning of § 701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Pregnancy Discrimination Act of 1978, as amended (42 U.S.C. § 2000e(k)) and all state law claims contained herein.

13.     The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

14.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

15.     The Plaintiff began her employment with Defendant on or around September 18, 2023 as a concrete truck driver.

16.     That at all times relevant, the Plaintiff was effective and efficient at her work.

17.     Plaintiff was a truck driver for Thomas Concrete. As a concrete truck driver, there are different models or trucks that are operated. One particular model of truck requires manual removal and attachment of chute(s) so that concrete can be poured. These chutes are heavy and weigh at least 25 lbs., and they become even heavier when they contain dried concrete.

18.     On Thursday, June 11, 2024, Ms. Byson informed Thomas Concrete that she was pregnant and provided her employer with written instructions from her doctor for accommodation and to be taken out of work due to her pregnancy until June 13, 2024.

19.     Plaintiff, with her doctor's recommendation, sought accommodation to avoid lifting heavy items, such as the chutes which attach to the concrete trucks.

20.     On Friday, June 14, 2024, Ms. Byson's supervisors John Pruitt, Leslie Keeling, Joseph Bernard, and Oliver Barnes, held a meeting during which they promised to accommodate

Ms. Byson.

21.    On Father's Day Sunday, June 16, 2024, Ms. Byson's home caught fire rendering it uninhabitable.

22.    On that same Father's Day, Ms. Byson informed her supervisor John Pruitt of the fire.

23.    In light of the emergent circumstances, Mr. Pruitt allowed Ms. Byson to take off that Monday, June 17, 2024 so she could get her affairs in order with regard to her home burning down and secure alternative living arrangements

24.    On Tuesday, June 18, 2024, Ms. Byson was scheduled to report to Bluffton, South Carolina but Defendant rerouted her to the Okatie location where she arrived early.

25.    That same day, while at the Okatie location, Defendant's employee Tony, told Ms. Byson to remind the dispatcher that she was unable to lift the chutes due to her pregnancy.

26.    While awaiting to be dispatched, Defendant's employee, Oliver Barnes sent Plaintiff home since she could not lift the chutes.

27.    Early in the morning on Wednesday, June 19, 2024, Leslie Keeling held a conference call with Ms. Byson, John Pruitt, and Oliver Barnes, wherein Leslie told Ms. Byson that if she cannot lift the chutes then Ms. Byson cannot work at Thomas Concrete and Leslie terminated Ms. Byson's employment with Thomas Concrete.

28.    Thomas Concrete had accommodated non-pregnant workers in the past and upon information and belief hired a non-pregnant employee to replace Ms. Byson.

29.    Thomas Concrete has accommodated non-pregnant employees, such as limiting an employee's lifting of heavy objects, such as the chutes which attach to the truck, and for which Plaintiff sought accommodation because the chutes were too heavy given her pregnancy.

30.    Despite promising to accommodate Ms. Byson, Thomas concrete failed to

accommodate Ms. Byson after gaining the knowledge of her pregnancy.

31.     Defendant never informed Plaintiff of her rights and Defendant's obligation to provide reasonable accommodations to Plaintiff under law.

32.     The failed accommodation asserted by Thomas Concrete also resulted in an unlawful adverse employment action in that Ms. Byson would not be guaranteed a 40-hour work week.

33.     Plaintiff's employment with Thomas Concrete was terminated by the Defendant because she was pregnant and any other reason provided by Defendant for the termination is pretextual.

34.     As a result of this termination Plaintiff has been injured, damaged, and has suffered as follows:

       a.     Lost wages;

       b.     Loss of employment;

       c.     Loss of benefits;

       d.     Loss of contractual benefits;

       e.     Loss of economic opportunity;

       f.     Embarrassment;

       g.     Mental anguish; and

       h.     In any other particulars that may be shown via discovery and/or trial.

35.     Plaintiff was subjected to discrimination regarding her gender and pregnancy by the Defendant and its employees and agents including her supervisors.

## FOR A FIRST CAUSE OF ACTION
**(Violation of Civil Rights/Discrimination Under Title VII/Pregnancy and Sex Discrimination)**

36.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth

herein verbatim.

37.     The Plaintiff is a member of a protected group on the basis of her sex, disability, and pregnancy.

38.     Defendant discriminated against the Plaintiff on the basis of her sex, and specifically her pregnancy, in violation of Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. §2000e et seq.), the Pregnancy Discrimination Act of 1978, as amended (42 U.S.C. § 2000e(k)) and the South Carolina Pregnancy Accommodations Act, S.C. Code Ann. §§ 1-13-10 to 110, S.C. Code Ann. § 1-13-80(A)(4).

39.     The Defendant terminated Plaintiff's employment because she was pregnant and sought reasonable accommodations supported by medical necessity.

40.     The Defendant was wanton, reckless, and intentional in the discrimination of the Plaintiff in the following particulars:

        a.     In failing to continue to employ the Plaintiff due to her sex and gender.

        b.     In failing to continue to employ the Plaintiff due to her disability and pregnancy.

41.     That in failing to protect the Plaintiff from discrimination and retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), the Pregnancy Discrimination Act of 1978, as amended (42 U.S.C. § 2000e(k)), and the South Carolina Pregnancy Accommodations Act, S.C. Code Ann. §§ 1-13-10 to 110, S.C. Code Ann. § 1-13-80(A)(4).

42.     As a direct and proximate result of the Defendant's discrimination on the basis of sex and/or gender, disability, and pregnancy, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

43.     The Defendant's employment discrimination and discharge of the Plaintiff have

caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

44. Due to the acts of the Defendant, its agents and employees, the Plaintiff has suffered damages and is entitled to injunctive relief and/or civil damages, to include punitive damages, attorney's fees and costs, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay, and all other remuneration to which she may be entitled by law.

## FOR A SECOND CAUSE OF ACTION
### (Violation of Civil Rights under Americans with Disabilities Act 42 USC § 12101 et seq.,))

45. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein verbatim.

46. Title I of the ADA, 42 U.S.C. § 12111, et seq., and its implementing regulation, 29 C.F.R. Part 1630, requires covered employers, such as Defendant, to provide reasonable accommodations to otherwise qualified employees with disabilities.

47. Reasonable accommodations include, but are not limited to, reassignment to a vacant position within the employer's organization when an employee with a disability can no longer perform the essential functions of the employee's position and a vacant position for which the employee is qualified is available.

48. Ms. Byson is an otherwise qualified individual with a disability who, in 2024, could not perform the essential function of lifting heavy chutes and attaching and detaching the same from the concrete truck in her capacity as a truck driver for the Defendant.

49. Defendant failed to provide Ms. Byson a reasonable accommodation, including but not limited to a reassignment to a vacant position within Defendant's organization where such an accommodation was available, nor did the Defendant offer to allow Ms. Byson to drive a different

truck that did not require the attachment and detachment of heavy chutes, nor did her employer provide an accommodation by way of another employer/helper who could attach and remove said chutes in lieu of Ms. Byson.

50.     Defendant failed to provide Ms. Byson with a reasonable accommodation where such an accommodation was available under 42 U.S.C. §§ 12112(a) and (b); 29 C.F.R. § 1630.9.

51.     As a result of Defendant's discriminatory conduct, Ms. Byson has suffered damages.

### PRAYER FOR RELEIF

52.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth Herein verbatim.

53.     Due to the acts of the Defendant, Plaintiff has suffered great emotional and mental distress, disgust, humiliation, embarrassment, shock, lost wages, loss of front pay, back pay, and other work benefits.

54.     By reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

b.     Prejudgment interest, costs and attorney's fees as may be allowed by law;

c.     Judgement in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

    d.       Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact; and

    e.       Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

Respectfully submitted,

**LAW OFFICE OF JACOB C. MCKENZIE, LLC**

Jacob C. McKenzie (Fed. Bar #: 12955)
P.O. Box 31977
Charleston, SC 29417
P:  843-732-8128 | F: 843-631-6532
E:  jake@jakemckenzielawfirm.com
**ATTORNEY FOR PLAINTIFF**

December 9 , 2025
Charleston, South Carolina